Case No. 2013-1130

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

RICHARD A WILLIAMSON,
Trustee for At Home Bondholders Liquidating Trust,

*Plaintiff-Appellant,*

v.

CITRIX ONLINE, LLC, CITRIX SYSTEMS, INC., MICROSOFT CORPORATION,
and ADOBE SYSTEMS, INC.,

*Defendants-Appellees,*

and

WEBEX COMMUNICATIONS, INC., CISCO WEBEX, LLC, and CISCO
SYSTEMS, INC.,

*Defendants-Appellees,*

and

INTERNATIONAL BUSINESS MACHINES CORPORATION,

*Defendant-Appellee.*

Appeal from the United States District Court for the Central District of California
In Case No. 11-CV-2409, Judge A. Howard Matz

## BRIEF OF AMICUS CURIAE ELECTRONIC FRONTIER FOUNDATION IN
## SUPPORT OF APPELLEES' PETITION FOR REHEARING EN BANC

Daniel K. Nazer
Vera Ranieri
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
daniel@eff.org
Attorneys for *Amicus Curiae*
Electronic Frontier Foundation

December 18, 2014

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for *Amicus Curiae* certifies that:

1.     The full name of the amicus represented by me is:

Electronic Frontier Foundation

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

N/A

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the amicus curiae represented by me are:

None.

4.     The name of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this Court is: Daniel K. Nazer, Vera Ranieri, Electronic Frontier Foundation, San Francisco, California.


December 18, 2014                    _____/s/ Daniel Nazer_____
                                    Daniel K. Nazer
                                    Attorneys for Amicus Curiae
                                    Electronic Frontier Foundation

# **TABLE OF CONTENTS**

INTEREST OF AMICUS CURIAE ................................................................1

ARGUMENT .............................................................................................2

    I.   This Case Merits En Banc Review Because, Properly Applied, Section 112(f) Is An Essential Check On Vague and Overbroad Patents. ..............................................................................2

    II.  The Supreme Court Has Repeatedly Disapproved Strong Presumptions That Lack Clear Support in the Patent Act. .................6

CONCLUSION.............................................................................................9

CERTIFICATE OF SERVICE .......................................................................11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Alice Corp. Pty. v. CLS Bank Int'l*,
   134 S. Ct. 2347 (2014) ........................................................................ 6

*Apple Inc. v. Motorola, Inc.*,
   757 F.3d 1286 (Fed. Cir. 2014) ................................................. 3, 4, 5, 6

*Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*,
   521 F.3d 1328 (Fed. Cir. 2008) ........................................................... 8

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ............................................................................ 8

*Halliburton Oil Well Cementing Co. v. Walker*,
   329 U.S. 1 (1946) ........................................................................... 2, 4

*KSR Int'l Co. v. Teleflex Inc.*,
   550 U.S. 398 (2007), .......................................................................... 7

*Lighting World, Inc. v. Birchwood Lighting, Inc.*,
   382 F.3d 1354 (Fed. Cir. 2004) ...................................................... 3, 7, 9

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
   134 S. Ct. 2111 (2014) ....................................................................... 7

*Medical Instrumentation & Diagnostics Corp. v. Elekta AB*,
   344 F.3d 1205 (Fed. Cir. 2003) ........................................................... 3

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
   134 S. Ct. 843 (2014) ..................................................................... 7, 8

*Microsoft Corp. v. i4i Ltd. P'ship*,
   131 S. Ct. 2238 (2011) ....................................................................... 9

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   134 S. Ct. 2120 (2014) ....................................................................... 9

*Octane Fitness, LLC v. Icon Health & Fitness, LLC*,
   134 S. Ct. 1749 (2014) ....................................................................... 7

### FEDERAL STATUTES

35 U.S.C. § 112 ............................................................................... *passim*

## OTHER AUTHORITIES

Dennis Crouch, *Functional Claim Language in Issued Patents*, PatentlyO (Jan. 23, 2014) .................................................................................................. 5

Fed. Trade Comm'n, *The Evolving IP Marketplace: Aligning Patent Notice and Remedies with Competition* (March 2011) ........................................................ 5

P. J. Federico, *Commentary on the New Patent Act*, reprinted in 75 J. Pat. Ofc. Soc'y 1993) ...................................................................................................... 2

## INTEREST OF AMICUS CURIAE

The Electronic Frontier Foundation ("EFF") is a non-profit civil liberties organization that has worked for more than 20 years to protect consumer interests, innovation, and free expression in the digital world. Founded in 1990, EFF represents more than 23,000 contributing members. EFF and its members have a strong interest in promoting balanced intellectual property policy that serves both public and private interests. Through litigation, the legislative process, and administrative advocacy, EFF seeks to promote a patent system that facilitates, and does not impede, "the Progress of Science and useful Arts." As part of its mission, EFF has often served as *amicus* in key patent cases, including *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014), *Bilski v. Kappos*, 561 U.S. 593 (2010); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007); and *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2005).[1]

---

[1] Pursuant to Rule 29(c) of the Federal Rules of Appellate Procedure, EFF certifies that no counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. Furthermore, no person or entity, other than *amicus*, its members, or its counsel, made a monetary contribution to the preparation or submission of this brief.

## ARGUMENT

This case presents an issue of exceptional importance: when does 35 U.S.C. § 112, ¶ 6[2] apply to functional claims that do not use the words "means for"? With a proliferation of functional claiming, especially in software-related patents, this is a question that impacts the scope and validity of thousands of patents. In EFF's view, the majority's approach in this case allows functional claiming without the limits established by Congress. In effect, by substituting the word "module" for "means," the patentee can invoke a world where neither the Supreme Court's ruling in *Halliburton Oil Well Cementing Co. v. Walker*, 329 U.S. 1 (1946) *nor* Section 112, ¶ 6 apply. This is contrary to both Supreme Court law and Congressional enactment. The Court should grant the petition for rehearing.

## I.     This Case Merits En Banc Review Because, Properly Applied, Section 112(f) Is An Essential Check On Vague and Overbroad Patents.

It is well-understood that 35 U.S.C. § 112, ¶ 6, now Section 112(f), was enacted in response to the Supreme Court's ruling in *Halliburton* that functional claims at the point of novelty are invalid as indefinite. *See, e.g.*, P. J. Federico, *Commentary on the New Patent Act*, reprinted in 75 J. Pat. Ofc. Soc'y 161, 186 (1993). Congress's purpose in enacting Section 112, ¶ 6 was to allow functional

---

[2] Now 35 U.S.C. § 112(f). Because the patent at issue is governed by 35 U.S.C. § 112 (pre-AIA), this brief will refer to that provision, however the arguments apply equally to 35 U.S.C. § 112(f).

claiming, but subject to strict conditions. These conditions were that: (1) the specification would have to include corresponding structure for performing the function; and (2) the scope of the claim would be limited to that corresponding structure and its equivalents. These closely related restrictions are plain from the text of the statute.[3]

In a line of cases that began with *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354 (Fed. Cir. 2004), and includes *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286 (Fed. Cir. 2014) and the majority's decision here, this Court has upset the balance struck by Congress. These cases apply a "strong presumption" that Section 112, ¶ 6 applies only where a patent applicant has chosen to use the word "means." *See* Maj. Op. at 12-13. As the Appellee's brief explains, the presumption is not found in the statute but was created *ex nihilo* by this Court in *Lighting World*. *See* App. Br. at 12.

The majority in *Apple* suggested that the strong presumption is justified because it allows patent applicants to "choose" whether to avail themselves of the "benefits" of Section 112, ¶ 6. *Apple*, 757 F.3d at 1297. But Section 112, ¶ 6 is not

---

[3] The statute provides that functional claims "shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." 35 U.S.C. § 112, ¶ 6. It follows straightforwardly that if the specification does not identify a corresponding structure, then the claim's scope is indefinite and the claim must be invalid. *See, e.g.*, *Medical Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1211 (Fed. Cir. 2003) (noting that the specification must be "clear as to the structure that the patentee intends to correspond to the claimed function").

optional for functional claims—it is an important limit on their scope and validity.[4]
Indeed, there is no room between *Halliburton* and Section 112, ¶ 6 for valid
functional claims. That is, absent application of Section 112, ¶ 6, functional claims
are simply invalid as indefinite. *See Halliburton*, 329 U.S. at 9 (finding a claim
invalid because it described an element "in terms of what it will do rather than in
terms of its own physical characteristics or its arrangement").

Furthermore, structure found in the specification cannot exempt functional
claims from Section 112, ¶ 6. *Halliburton* focused on whether the *claim language*
included structure. *See* 329 U.S. at 8-9 (discussing how the "language of the claim"
described the element). Similarly, the statute is directed to claim language. *See* 35
U.S.C. § 112, ¶ 6 ("a *claim* may be expressed . . . without the recital of structure")
(emphasis added). But the majority opinions in *Apple* and this case both hold that
structure found in the specification can exempt claims from Section 112, ¶ 6. *See*
*Apple*, 757 F.3d at 1299 (suggesting that "a structural definition" may be "provided
in the specification"); Maj. Op. at 14 (citing to the "supporting text of the
specification"). As the dissent in *Apple* explained, this approach turns the statute
on its head. *See* 757 F.3d at 1335. It allows a patentee to functionally claim her
invention so long as *some* structure is connoted by the claim, while at the same

_____

[4] Of course, an applicant can choose whether or not to describe claim elements in
terms of function. But, under Section 112(f), such claims must be limited to the
corresponding structure and equivalents in the specification (or are invalid in the
absence of corresponding structure).

time being able to claim any *possible* structure, even those never contemplated by the patentee or even anyone else. *See id.* at 1337 (Prost, J., dissenting) (noting that the majority relied on two "heuristic" structures in the specification to find that the patentee had avoided Section 112, ¶ 6, but that such reasoning allowed the patentee to claim *any* "heuristic").

The misapplication of Section 112, ¶ 6 has led to a proliferation of vague and overbroad functionally-claimed patents, particularly relating to software. In addition to "module" and "heuristic," popular functional claim language includes "instructions for" and "configured to." *See, e.g.*, Dennis Crouch, *Functional Claim Language in Issued Patents*, PatentlyO (Jan. 23, 2014), http://patentlyo.com/patent/2014/01/functional-language-patents.html (charting the decline of "means for" claims and the corresponding rise of "configured to" claims). These broad functional claims create notice problems because their scope is not properly tethered to the disclosure. *See* Fed. Trade Comm'n, *The Evolving IP Marketplace: Aligning Patent Notice and Remedies with Competition*, 11 (March 2011) (discussing widespread notice problems with software patents and urging that "that courts extend their recent focus on indefiniteness to address functional claiming in general"). This case provides an ideal venue for addressing this issue and restoring the 1952 Patent Act's notice-promoting limit on functional claiming.

**II.    The Supreme Court Has Repeatedly Disapproved Strong Presumptions That Lack Clear Support in the Patent Act.**

Recent decisions from the Supreme Court provide an additional reason for *en banc* review of this case. The "strong presumption" makes the application of Section 112, ¶ 6 a question of whether the applicant chose to use the term "means for." In other words, it is entirely a question of the draftsman's art. Indeed, as noted above, the majority in *Apple* argued that this provides a compelling policy reason to apply the presumption. But the Supreme Court has expressly disapproved prioritizing the "draftsman's art" over substance. *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2360 (2014).

Although *Alice* is addressed to the application of Section 101, the Court's discussion there is relevant. In that case, a key issue was whether the system claims—which were directed to a computer system "configured to" carry out the patented method—should be treated differently from the method claims for the purposes of determining patent eligibility. *See* 134 S. Ct. at 2353, 2360. The Court noted that while a computer is a tangible system, it would elevate form over substance to find eligibility wherever a patent claims a computer "configured to" an abstract method. *Id.* at 2359. Similarly, the "strong presumption" applied by the majority in this case elevates form over substance by allowing an applicant to avoid the strictures of Section 112, ¶ 6 simply by replacing the words "means for" with terms like "module" or "heuristic."

6

Other recent Supreme Court decisions provide further grounds for questioning the soundness of the *Lighting World* line of cases. These decisions—all of which post-date the 2004 pronouncement of the "strong presumption"—disapprove of tests that lack clear support in the text of the Patent Act. In *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 407 (2007), the Court held that a strict application of the teaching, suggestion, or motivation test "addressed the question of obviousness in a manner contrary to [the Patent Act]." The *KSR* Court added that "[r]igid preventative rules that deny factfinders recourse to common sense . . . are neither necessary under our case law nor consistent with it." 550 U.S. at 421. More recently, the Supreme Court held that the Patent Act precluded finding inducement liability where there is no underlying direct infringement. *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S. Ct. 2111 (2014). The Court specifically cautioned that policy reasons could not justify "altering the rules of inducement liability that the text and structure of the Patent Act clearly require." *Id.* at 2120. *See also Octane Fitness, LLC v. Icon Health & Fitness, LLC*, 134 S. Ct. 1749, 1756 (2014) (overruling the Federal Circuit's "exceptional case" standard, stating that "[t]he Federal Circuit's formulation is overly rigid").

Other Supreme Court rulings emphasize that presumptions must be firmly grounded in statutory text. In *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843 (2014), the Court considered whether the burden of proving

7

infringement shifts when the patentee is a defendant in a declaratory judgment action. The Court held that the Declaratory Judgment Act provides no support for shifting this burden. *See id.* at 849-51. Indeed, the Court suggested that shifting the burden would "recreate[] the dilemma that the Declaratory Judgment Act sought to avoid." *Id.* at 851. Similarly, in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), the Supreme Court disapproved a "general rule" in favor of injunctions issuing in patent cases. The Court found that this categorical approach was not supported by the text of the Patent Act. *See id.* at 392.

Nor does the presumption of patent validity support the majority's approach in this case. As the Appellee's brief explains, the majority's approach likely saves many vague patents from being found invalid as indefinite. *See* App. Br. at 5-6. This is because a claim will be spared from Section 112, ¶ 6 if the claim merely "connote[s]" structure. *See* Maj. Op. at 13. If Section 112, ¶ 6 is not applied to the claim, then the court will not require corresponding structure in the specification sufficient to perform the claimed function. In many cases, such as this one, such an approach will save the patent claims from invalidity. This is confirmed by the dissent's conclusion in this case. *See* Diss. Op. at 9 (applying *Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328 (Fed. Cir. 2008) to claims 8-16 and finding them invalid as indefinite). The fact that a legal standard makes validity more likely is *not* a reason for adopting that standard. The presumption of

validity is an evidentiary standard that has no bearing on the underlying legal test being applied. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2130 n.10 (2014) (holding that the "presumption of validity does not alter the degree of clarity that §112, ¶ 2 demands from patent applicants"); *see also Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2253 (2011) (Breyer, J. concurring) (noting that "in this area of law as in others the evidentiary standard of proof applies to questions of fact and not to questions of law").

While the decisions discussed in this section do not consider Section 112, ¶ 6 directly, they do provide a compelling reason for this Court to revisit the strong presumption first applied in *Lighting World*. Since that case was decided, the Supreme Court has repeatedly disapproved of "rigid," "general," or "categorical" rules and has emphasized that substance must trump the draftsman's art. Given this line of authority, this Court should revisit its law according a "strong presumption" to the patent drafter's choice to use a particular word, regardless of whether or not a claim element is in fact functionally claimed.

## CONCLUSION

For the foregoing reasons, this Court should grant the petition to rehear this case *en banc*.

Dated: December 18, 2014          Respectfully submitted,


By: __/s/ Daniel Nazer_____
        Daniel K. Nazer
        Vera Ranieri
        ELECTRONIC FRONTIER FOUNDATION
        815 Eddy Street
        San Francisco, CA 94109
        Tel: (415) 436-9333
        Fax: (415) 436-9993
        daniel@eff.org

        *Attorneys for Amicus Curiae*
        Electronic Frontier Foundation

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2014, I caused copies of the foregoing Brief of *Amicus Curiae* Electronic Frontier Foundation in Support of Appellees' Petition for Rehearing En Banc to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

/s/ Daniel Nazer
Daniel K. Nazer
