**Docket No. 2013-1130**

*In the*

# United States Court of Appeals
*for the*
# Federal Circuit

———◆———

RICHARD A. WILLIAMSON, Trustee for At Home Bondholders Liquidating Trust,

*Plaintiff-Appellant,*

v.

CITRIX ONLINE LLC, CITRIX SYSTEMS, INC.,
MICROSOFT CORPORATION, and ADOBE SYSTEMS, INC.,

*Defendants-Appellees,*

and

WEBEX COMMUNICATIONS, INC., CISCO WEBEX, LLC,
and CISCO SYSTEMS, INC.,

*Defendants-Appellees,*

and

INTERNATIONAL BUSINESS MACHINES CORPORATION,

*Defendant-Appellee.*

_____

*Appeal from the United States District Court for the Central District of California
in Case No. 11-CV-2409 · Judge A. Howard Matz*

## CORRECTED BRIEF AMICI CURIAE
## INTELLECTUAL PROPERTY PROFESSORS
## IN SUPPORT OF EN BANC REVIEW

MARK A. LEMLEY, ESQ.
STANFORD LAW SCHOOL
559 Nathan Abbott Way
Stanford, California 94305
(650) 723-4605 Telephone
(650) 725-0253 Facsimile

**December 24, 2014**

*Attorney for Amici Curiae,
Intellectual Property Professors*


COUNSEL PRESS · (800) 3-APPEAL

PRINTED ON RECYCLED PAPER 

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTEREST OF AMICI .........................................................................................1

ARGUMENT .........................................................................................................1

    I.    This Court's Cases Are in Conflict on the Question of When a Claim Triggers Section 112(f) ..................................................2

    II.    Patent Drafters Have Exploited This Court's Jurisprudence to Avoid the Purpose of Section 112(f) .................................................4

CONCLUSION ......................................................................................................8

CERTIFICATE OF COMPLIANCE ....................................................................9

APPENDIX A: List of Signatories .....................................................................10

CERTIFICATE OF SERVICE ............................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Apple Inc. v. Motorola, Inc.*,
    757 F.3d 1286 (Fed. Cir. 2014) .................................................................3, 4

*Aristocrat Techs. v. Int'l Game Tech.*,
    521 F.3d 1328 (Fed. Cir. 2008) ......................................................................7

*Becton, Dickinson & Co. v. Tyco Healthcare Group L.P.*,
    616 F.3d 1249 (Fed. Cir. 2010) ......................................................................4

*Bosch v. Snap-On Corp.*,
    769 F.3d 1094 (Fed. Cir. 2014) ......................................................................3

*Chicago Bd. Option Exch. v. Int'l Sec. Exch.*,
    677 F.3d 1361 (Fed. Cir. 2012) ......................................................................3

*Cole v. Kimberly-Clark Corp.*,
    102 F.3d 524 (Fed. Cir. 1996) ........................................................................2

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008) ........................................................................2

*Flo Healthcare Solutions LLC v. Kappos*,
    697 F.3d 1367 (Fed. Cir. 2012) ......................................................................3

*General Elec. Co. v. Wabash Appliance Corp.*,
    304 U.S. 364 (1938) ........................................................................................6

*Halliburton Oil Well Cementing Co. v. Walker*,
    329 U.S. 1 (1946) ............................................................................................6

*In re Aoyama*,
    656 F.3d 1293 (Fed. Cir. 2011) ......................................................................7

*Lighting World v. Birdwood Lighting, Inc.*,
    382 F.3d 1354 (Fed. Cir. 2004) ......................................................................2

*Loyalty Conversion Sys. Corp. v. American Airlines, Inc.*,
    2014 WL 4364848 (E.D. Tex. Sept. 3, 2014) ................................................. 7

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
    134 S. Ct. 2120 (2014) ................................................................................. 4

*Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*,
    711 F.3d 1348 (Fed. Cir. 2013) ................................................................... 3

*Robert Bosch LLC v. Snap-On Inc.*,
    769 F.3d 1094 (Fed. Cir. 2014) ................................................................... 3

*Tec-Sec, Inc. v. IBM Corp.*,
    731 F.3d 1336 (Fed. Cir. 2013) ............................................................... 2, 3

*Unidynamics Corp. v. Automatic Prods.*,
    157 F.3d 1311 (Fed. Cir. 1998) ............................................................... 2, 4

**STATUTES**

35 U.S.C. § 112(f) .......................................................................................*passim*

**OTHER AUTHORITIES**

Dennis Crouch, *Functional Language in Issued Patents*, **Patently-O**,
    Jan. 23, 2014, available at http://patentlyo.com/patent/2014/01/
    functional-language-patents.html ................................................................ 6

Mark A. Lemley, *Software Patents and the Return of Functional Claiming*,
    2013 **Wis. L. Rev.** 905 ............................................................................... 7

# BRIEF AMICI CURIAE IN SUPPORT OF EN BANC REVIEW

# INTEREST OF AMICI[1]

Amici teach intellectual property law at schools throughout the United States. A full list of amici is attached as Appendix A. We have no personal stake in the outcome of this case, but we do have an interest in seeing that patent law develops in a manner that is both clear and not subject to abuse.

# ARGUMENT

This Court's jurisprudence governing when a claim element is written in means-plus-function format under 35 U.S.C. §112(f) is confusing and internally inconsistent. Because of the way in which some of this Court's decisions have treated "nonce" words that do not provide structure, more and more patent owners, particularly in the computer industry, have been able to engage in functional claiming without having their claims treated under 35 U.S.C. §112(f). This Court should grant en banc review in this case to unify and clarify the test for means-plus-function claiming and discourage the sort of patentee game-playing that has become endemic.

---

[1] No one other than the undersigned has paid for or contributed to the content of this brief.

I.   **This Court's Cases Are in Conflict on the Question of When a Claim Triggers Section 112(f)**

This Court's jurisprudence governing section 112(f) is in disarray. While the statute focuses on the question of whether a functionally-written claim contains "structure, material, or acts" that perform that function, this Court has created a "strong" presumption based on use of the word "means." *Lighting World v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004). If "means" is used, the Court assumes that there is no structure; if "means" is not used, the Court assumes there is structure even if, as in this case, that structure is hard to find in the language of the claim.

In fact, however, some of this Court's decisions are hard to reconcile either with the actual presence of structure in the claim or even with the presumption. This Court has, for instance, held that "perforation means . . . for tearing" contains structure because the perforations are structural, *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 531 (Fed. Cir. 1996), but that "spring means tending to keep the door closed" invokes section 112(f) because springs are not sufficiently structural, *Unidynamics Corp. v. Automatic Prods. Int'l*, 157 F.3d 1311, 1319 (Fed. Cir. 1998), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 671 (Fed. Cir. 2008). The confusion is so great that this Court has at different times held that the *very same term* – "system memory means" – both does and does not connote structure. *Compare Tec-Sec, Inc. v. IBM Corp.*, 731 F.3d

2

1336 (Fed. Cir. 2013) ("system memory means" is not a means-plus-function term) with *Chicago Bd. Option Exch. v. Int'l Sec. Exch.*, 677 F.3d 1361, 1366 (Fed. Cir. 2012) ("system memory means" is a means-plus-function term).

When the term "means" is not present, the Court has refused to rebut the presumption even as to claims that lack any structure at all. It has held, for instance, that "height adjustment mechanism" contains sufficient structure to avoid section 112(f), *Flo Healthcare Solutions LLC v. Kappos*, 697 F.3d 1367, 1375 (Fed. Cir. 2012), though it is not clear what that structure might be. It has held that "heuristic for determining" was structural and therefore did not invoke section 112(f), *Apple Inc. v. Motorola, Inc.* 757 F.3d 1286, 1295-1301 (Fed. Cir. 2014), though in doing so it imported structural limitations from the specification into the claims. And it has held that "soft start circuit" connotes structure. *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 711 F.3d 1348 (Fed. Cir. 2013).

But even in non-means cases the jurisprudence is in conflict, with cases like the instant panel decision (finding "distributed learning control module" to have structure even though "distributed learning control means" would not) at odds with decisions like *Robert Bosch LLC v. Snap-On Inc.*, 769 F.3d 1094, 1099-1101 (Fed. Cir. 2014) (holding that "nonce words" did not avoid section 112(f); "program

recognition device" and "program loading device" were means-plus-function terms).

The confusion surrounding these decisions is evidenced by the large number of dissents in section 112(f) cases, including the instant decision; *Apple Inc. v. Motorola, Inc.* 757 F.3d 1286, 1335 (Fed. Cir. 2014) (Prost, J., concurring in part and dissenting in part); and *Becton, Dickinson & Co. v. Tyco Healthcare Group L.P.*, 616 F.3d 1249, 1261 (Fed. Cir. 2010) (Gajarsa, J., dissenting) (concerning the same "spring means" language at issue in *Unidynamics*). That confusion is all the more troubling in view of the Supreme Court's conclusion—when confronted with the insight that "absent a meaningful definiteness check … patent applicants face powerful incentives to inject ambiguity into their claims"—that "[e]liminating that temptation is in order . . . ." *Nautilus, Inc. v. Biosig Instruments, Inc.,* 134 S. Ct. 2120, 2129 (2014). The way this Court applies section 112(f), far from eliminating ambiguity, permits it.

## II. Patent Drafters Have Exploited This Court's Jurisprudence To Avoid the Purpose of Section 112(f)

The confused nature of the section 112(f) jurisprudence creates uncertainty as to whether any given claim language will be treated as means-plus-function claim language. Patent owners have not hesitated to exploit that uncertainty to obtain functional claims that lack structure but that (likely) avoid the reach of section 112(f) as it has currently been interpreted. A large number of patent

4

owners, particularly in the software industry, have simply replaced the term "means for doing x" with other nonce words like "system for," "mechanism for," "configured to," "programmed to," "programmable to," "capable of," and the like. A study by Professor Dennis Crouch of claim language that appears in claims issued by year shows the magnitude of this effect. Crouch demonstrates the decline of the phrase "means for" and its replacement by other functional claim terms that (probably) do not invoke section 112(f) under this Court's current precedents. Those non-means functional claim terms show up in a significant majority of the patents issued in the last decade.



Dennis Crouch, *Functional Language in Issued Patents*, **Patently-O**, Jan. 23, 2014, http://patentlyo.com/patent/2014/01/functional-language-patents.html.

The ability of patent owners to engage in functional claiming without satisfying the dictates of section 112(f) undoes the benefits of Congress's careful compromise in the 1952 Patent Act. The Supreme Court held before the passage of that Act that functional claiming was not permissible at all, at least at the point of novelty. *Halliburton Oil Well Cementing Co. v.* Walker, 329 U.S. 1 (1946). *See also General Elec. Co. v. Wabash Appliance Corp.*, 304 U.S. 364, 368–74 (1938) (rejecting claim to lighting filament claimed in functional terms: "comparatively large grains of such size and contour as to prevent substantial sagging and offsetting"). Congress passed section 112(f) to both permit but also cabin functional claiming, allowing patentees to write their claims in functional terms but not to capture any means of performing that function. Instead, patentees who wrote claims lacking structure were limited to the "structure . . . described in the specification and equivalents thereof." 35 U.S.C. §112(f).

The fact that patent owners can and do write functional claim language without being subject to the limits Congress imposed in section 112(f) upsets the balance Congress struck in 1952. It permits overbroad claims to any computer programmed in any way to achieve a functional goal, something that has contributed to the wave of cases invalidating software and business method patents

for lack of patentable subject matter. *See* Mark A. Lemley, *Software Patents and the Return of Functional Claiming*, 2013 **Wis. L. Rev.** 905. And it allows patent owners to evade the law of indefiniteness, which this Court has applied with considerable force to software means-plus-function claims that do not disclose a corresponding algorithm in the specification, *Aristocrat Techs. v. Int'l Game Tech.*, 521 F.3d 1328 (Fed. Cir. 2008); *In re Aoyama*, 656 F.3d 1293 (Fed. Cir. 2011) – but not at all to equally broad claims that do not use the magic word means.

> Judge Bryson recently pointed out the vice of these functional claims:
>
> [T]hey are aspirational in nature in that they describe the business function, but do not describe any novel manner of performing that function other than referring to the use of routine operations performed by a specially programmed computer; and . . . the recitations referring to the use of a computer do not include any inventive measure that "purport[s] to improve the functioning of the computer itself." *CLS Bank*.
>  . . . In short, such patents, although frequently dressed up in the argot of invention, simply describe a problem, announce purely functional steps that purport to solve the problem, and recite standard computer operations to perform some of those steps. . . .[T]hey do not contain an "inventive concept" that solves practical problems and ensures that the patent is directed to something "significantly more than" the ineligible abstract idea itself. As such, they represent little more than functional descriptions of objectives, rather than inventive solutions. In addition, because they describe the claimed methods in functional terms, they preempt any subsequent specific solutions to the problem at issue.

*Loyalty Conversion Sys. Corp. v. American Airlines, Inc.*, 2014 WL 4364848 (E.D. Tex. Sept. 3, 2014) (citations omitted) (Bryson, J., sitting by designation).

7

This Court should revisit its precedent under section 112(f) to clarify that the statute means what it says: that a functional claim must be limited to the structure disclosed in the specification unless it has disclosed actual structure in the claim itself. The "structure, material or acts" that must support a claim in functional language must be more than mere window-dressing. The intent of this statute was to allow functional claiming only when it was limited to particular implementations of that function, not when it encompassed all feasible ways of achieving the goal. Allowing patent owners to evade the requirements of section 112(f) merely by uttering nonce words other than "means for" eviscerates that statute.

## CONCLUSION

The petition for rehearing en banc should be granted.

Dated: December 24, 2014    STANFORD LAW SCHOOL

By: s/ Mark A. Lemley
    MARK A. LEMLEY
    *Counsel for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE PURSUANT TO FRAP 32(a)(7)(B)-(C) AND FEDERAL CIRCUIT RULE 32(b)

1.  This brief has been prepared using:

    <u> X </u>   Microsoft Word 2010 (Times New Roman, 14-point Typeface)

2.  EXCLUSIVE of the certificate of interest; table of contents; table of authorities; any addendum containing statutes, rules, or regulations, Appendix A containing the List of Signatories, and the certificate of service, this brief contains 1,686 words and is within the 7,000 word limit pursuant to Federal Circuit Rule 29(d).

    I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line printout.

Dated:  December 24, 2014                    STANFORD LAW SCHOOL

                                             By: <u>s/ Mark A. Lemley         </u>
                                                 MARK A. LEMLEY
                                                 *Counsel for Amicus Curiae*

# Appendix A
# List of Signatories[2]

Professor John R. Allison
McCombs School of Business
University of Texas at Austin

Professor Ann M. Bartow
Pace Law School

Professor James Bessen
Boston University School of Law

Professor Jeremy W. Bock
Cecil C. Humphreys School of Law
University of Memphis

Professor Ralph D. Clifford
University of Massachusetts School of Law

Professor Kevin Emerson Collins
Washington University School of Law

Professor Robin Feldman
University of California Hastings College of the Law

Professor Roger Allan Ford
University of New Hampshire School of Law

Professor Shubha Ghosh
University of Wisconsin Law School

Professor Donald P. Harris
Temple Law School

Professor Tim Holbrook
Emory University School of Law

---

[2] Institutions are listed for affiliation purposes only.

Professor Herbert Hovenkamp
University of Iowa College of Law

Professor Amy L. Landers
Thomas R. Kline Law School
Drexel University

Professor Mark A. Lemley
Stanford Law School

Professor Brian J. Love
Santa Clara University School of Law

Professor Phil Malone
Stanford Law School

Professor Jonathan Masur
University of Chicago Law School

Professor Mark P. McKenna
Notre Dame Law School

Professor Joseph Scott Miller
University of Georgia School of Law

Professor Tyler T. Ochoa
Santa Clara University School of Law

Professor David S. Olson
Boston College Law School

Professor Lisa Larrimore Ouellette
Stanford Law School

Professor Jason Rantanen
University of Iowa College of Law

Professor Greg Reilly
California Western School of Law

Professor Jason Schultz
NYU School of Law

Professor Brenda Simon
Thomas Jefferson Law School

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


s/ Stephen Moore
Senior Appellate Paralegal
COUNSEL PRESS LLC